IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CODY A. TOLEDO,
        Plaintiff,

v.                                       Civil No. 5:20-cv-02473-JMG

EASTON POLICE DEPARTMENT, *et al.*,
        Defendants.

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                **October 29, 2021**

**I.**     **INTRODUCTION**

On April 17, 2020, Plaintiff Cody Toledo initiated this action pursuant to 42 U.S.C. § 1983. On April 29, 2021, defendants moved to dismiss the complaint. *See* ECF No. 12. Toledo never responded, so we issued an Order on May 28, 2021, directing Toledo to respond to the motion to dismiss no later than June 18, 2021. *See* ECF No. 13. The Order warned that Toledo's failure to comply "may result in the dismissal of the case without further notice." *Id.*

Toledo continued to be nonresponsive. On June 25, 2021, we again directed Toledo to respond to the motion to dismiss. *See* ECF No. 14.

Given Toledo's continued failure to respond, we issued a final Order on August 27, 2021. *See* ECF No. 16. The Order cautioned that if Toledo failed to notify the Court of his intent to pursue the case, "this action will be dismissed for failure to prosecute and comply with a court order." *Id.* To date, there has been no response. After balancing the *Poulis*[1] factors, the action is dismissed.

---

[1]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

**II.   ANALYSIS**

In *Poulis*, the Third Circuit held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider several factors.  *See Poulis*, 747 F.2d at 870.  Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, Toledo is personally responsible for his actions.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor also weighs in favor of dismissal because Toledo's failure to litigate this action frustrates and delays its resolution.  *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, Toledo has a history of dilatoriness.  *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").  Toledo has not responded to any of the three Orders that we have issued since May 2021.

Regarding the fourth factor, because we have no explanation for Toledo's dilatoriness, we

are unable to determine whether his conduct is in bad faith. We are similarly unable to determine whether his conduct is willful. This factor is therefore neutral or weighs against dismissal. *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Toledo's financial status—he is proceeding *in forma pauperis*. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*").

The final *Poulis* factor "weighs neither against nor in favor of dismissal" given "the absence of evidence of record." *Brown v. Quinn*, No. 20-cv-2021, 2021 U.S. Dist. LEXIS 78211, at *5–6 (W.D. Pa. Apr. 23, 2021).

### III.   CONCLUSION

After weighing the *Poulis* factors, we will dismiss the above-captioned action for failure to prosecute. "While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit." *Id.* at *6. A separate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge